**U.S. Department of Justice**
*Criminal Division*

*Darren C. Halverson*
*Trial Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*Direct Dial: (202) 880-2233*

August 18, 2020

Anthony J. Iacullo, Esq.
Iacullo Martino, LLC
247 N Franklin Avenue Ste. 2
Nutley, NJ 07110

**Re: <u>Plea Agreement with Gessica Vargas</u>**

Dear Mr. Iacullo:

This letter sets forth the plea agreement between your client Gessica Vargas and the Fraud Section, Criminal Division of the United States Department of Justice ("this Office"). This plea agreement will expire on August 28, 2020 if an executed copy is not returned to this Office on or before that date.

## Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Gessica Vargas to Count One of the Information, which charges Gessica Vargas with knowing failure to file a Report of Foreign Bank and Financial Account, contrary to 31 U.S.C. §§ 5314, 5322(b), and 18 U.S.C. § 2. If Gessica Vargas enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Gessica Vargas for, from in or about 2015 through April 9, 2019, conspiring to commit health care fraud as related in the Information.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Gessica Vargas agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Gessica Vargas may be commenced against her, notwithstanding the expiration of the limitations period after Gessica Vargas signs the agreement.

## Sentencing

The violation of 31 U.S.C. §§ 5314, 5322(b), and 18 U.S.C. § 2 to which Gessica Vargas agrees to plead guilty carries a statutory maximum prison sentence of five years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Gessica Vargas is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Gessica Vargas ultimately will receive. Pursuant to Title 18, United States Code, Section 3553(a), Gessica Vargas reserves the right to move for a variance. This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein.

Further, in addition to imposing any other penalty on Gessica Vargas, the sentencing judge (1) will order Gessica Vargas to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Gessica Vargas to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d); (3) may order Gessica Vargas, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Gessica Vargas to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Gessica Vargas be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Gessica Vargas may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Gessica Vargas by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the

sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of activities and relevant conduct with respect to this case.

## Stipulations

This Office and Gessica Vargas agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Gessica Vargas from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Gessica Vargas waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Gessica Vargas understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound

by her guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

## Other Provisions

This agreement is limited to the Fraud Section, Criminal Division of the United States Department of Justice and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gessica Vargas. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Gessica Vargas.

No provision of this agreement shall preclude Gessica Vargas from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Gessica Vargas received constitutionally ineffective assistance of counsel.

**No Other Promises**

This agreement constitutes the plea agreement between Gessica Vargas and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Attorney for United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*/s/Jacob Foster*
By: Jacob Foster
Assistant Chief
Darren C. Halverson
Trial Attorney

APPROVED:

*/s/ Allan Medina*
Allan Medina
Deputy Chief
Fraud Section, Criminal Division
United States Department of Justice

I have received this letter from my attorney, Anthony J. Iacullo, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Gessica Vargas

Date: 10/7/2020

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Anthony J. Iacullo, Esq.

Date: 10/7/2020

**Plea Agreement with Gessica Vargas**

**Schedule A**

This Office and Gessica Vargas recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Gessica Vargas agree to the stipulations set forth herein. This Office and Gessica Vargas further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level. The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein. This Office and Gessica Vargas agree to stipulate to the following facts:

1. Gessica Vargas knowingly failed to file a Report of Foreign Bank and Financial Account as required for the calendar year 2017.

2. During calendar year 2017, defendant Gessica Vargas had a financial interest in, and signature and other authority over, at least one financial account, having an aggregate value exceeding $10,000 at Bank A, a bank in the Dominican Republic.

3. From at least in or about March 2016 through on or about April 9, 2019, Gessica Vargas was employed by Company-1, a Delaware limited liability company that was owned and operated by Creaghan Harry and others. During that employment, Company-1, Creaghan Harry, and others accepted illegal health care kickbacks and bribes in exchange for medical professionals' consultations with Medicare beneficiaries to order medically unnecessary orthotic braces and to prescribe medically unnecessary prescription drugs.

4. During the course of this activity, Gessica Vargas and others, at the direction of Creaghan Harry, laundered money from the bank account of Company-1, a nominee company in the name of a nominee owner in the United States, through the bank account of a nominee company in the Dominican Republic to the bank account of Company-2, a nominee company in the name of a nominee owner. Creaghan Harry directed Gessica Vargas to open the Dominican bank account in the name of the company in the Dominican Republic. Creaghan Harry had also directed Gessica Vargas to open an account in Belize to further conceal the kickbacks and bribes, but she was unable to open the account there because the bank did not approve of the company's business structure.

5. On the direction of Creaghan Harry, Gessica Vargas wired, or caused to be wired, $149,850 from Company-1's account in the United States to an account at Bank A in the Dominican Republic on or about May 11, 2017, knowing that the funds were the proceeds of illegal activity.

6. On or about June 30, 2018, Gessica Vargas knowingly and willfully failed to file with the U.S. Department of the Treasury a Report of Foreign Bank and Financial Account disclosing that she had a financial interest in, and signature authority over, a bank account in a foreign country.

7. The preceding statement is a summary made for the purpose of providing the Court with a factual basis for Gessica Vargas's guilty plea to the charges against her. It does not include all of the facts known to Gessica Vargas concerning similar criminal activity in which she and others engaged. Gessica Vargas makes this statement knowingly and voluntarily and because she is in fact guilty of the crime charged.

8. The guideline that applies to the charge under 31 U.S.C. §§ 5314, 5322(b), and 18 U.S.C. § 2, contained in Count One of the Information, is U.S.S.G. § 2S1.3.

9. Because the offense of conviction involves evading a reporting requirement, it carries a Base Offense Level of 6. See § U.S.S.G. 2S1.3(a)(2).

10. Because the value of the corresponding funds exceeds $9,500,000, but less than $25,000,000, it results in an increase of 20 levels. See U.S.S.G. §§ 2S1.3(a)(2) and 2B1.1(b)(1)(K).

11. The offense was part of a pattern of unlawful activity involving more than $100,000 in a 12-month period, and thus the offense level is increased by two levels. See U.S.S.G. § 2S1.3(b)(2).

12. The defendant was a minor participant in the scheme, and thus the offense level is decreased by two levels. See U.S.S.G § 3E1.1.

13. Accordingly the offense level applicable to Count One of the Information is 26.

14. As of the date of this letter, Gessica Vargas has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Gessica Vargas's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

15. As of the date of this letter, Gessica Vargas has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Gessica Vargas's offense level pursuant to § 3E1.1(b) if the following conditions are met: (a) Gessica Vargas enters a plea pursuant to this agreement, (b) this Office in its discretion determines that

Gessica Vargas's acceptance of responsibility has continued through the date of sentencing and Gessica Vargas therefore qualifies for a two point reduction for acceptance of responsibility pursuant to § 3E1.1(a), and (c) Gessica Vargas's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

16. Gessica Vargas knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.